REQUESTED BY: Senator Jerry D. Koch Member of the Legislature 1519 State Capitol Lincoln, Nebraska 68509
Dear Senator Koch:
We are in receipt of your letter of February 25, 1981 in which you request our opinion as to the constitutionality of LB 368. Generally, this legislation would add provisions to the Nebraska Political Accountability and Disclosure Act, § 49-1401 et seq. and would specifically relate to false or deceptive campaign practices.
While you specifically inquire as to whether or not any of the provisions of this legislative bill would conflict with the Bill of Rights to the Constitution of the United States, we presume that your inquiry is directed primarily at the protections and freedoms guaranteed by theFirst Amendment to the United States Constitution.
As a general statement of law, a state legislature may enact laws reasonably regulating elections without violating the constitutional guarantees of the First Amendment. See generally, C.J.S., Constitutional Law, § 213(23). More specifically, the United States Supreme Court held in Buckleyv. Valeo, 424 U.S. 1:
 In view of the fundamental nature of the right to associate, government `action which may have the affect of curtailing the freedom to associate is subject to the closest scrutiny' citation omitted Yet it is clear that `neither the right to associate nor the right to participate in political activities is absolute' citation omitted Even a `significant interference with protected rights of political association' may be sustained if the State demonstrates a sufficiently important interest and employs means closely drawn to avoid unnecessary abridgement of associational freedoms. citations omitted.
From our examination of the provisions contained within Legislative Bill 368, we are of the opinion that the prohibitions contained therein would survive close constitutional scrutiny.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General